UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S&J SPORTS ASSOCIATES, LLC., d/b/a S&J LLC.,<br><br>*Plaintiff,*<br><br>v.<br><br>OFFICIAL ISSUE, INC.,<br><br>*Defendant.* | Civil Action No.<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT<br><br>JURY TRIAL DEMANDED<br>ECF CASE |



Plaintiff, by its attorneys, Gottlieb, Rackman & Reisman, P.C., as and for its complaint, states:

## THE PARTIES

1. Plaintiff was and still is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

2. Upon information and belief, Defendant was and still is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Glenview, Illinois.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b) and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

1

4. Upon information and belief, Defendant is doing business within this State and judicial district, transacts business within this State and judicial district, derives substantial revenue from intra-state and inter-state commerce and has committed tortuous acts within this State and judicial district and without this State and judicial district having injurious consequences within this State and judicial district, and is otherwise within the jurisdiction of this Court.

## COUNT I

## TRADEMARK INFRINGEMENT

5. Plaintiff is the owner of the trademark "OFFICIAL ISSUE" for clothing, registered in the United States Patent and Trademark Office as Registration No. 3,472,899, issued July 22, 2008. A copy of the registration is attached as Exhibit A.

6. On information and belief, Defendant has used said "OFFICIAL ISSUE" mark on clothing, in this district and elsewhere.

7. Such use by Defendant is without permission, consent or license by Plaintiff.

8. Upon information and belief, Defendant's acts have been done willfully and intentionally, with full knowledge of Plaintiff's rights.

9. Such use by Defendant has caused and will cause confusion and mistake among the relevant members of the trade and the public as to the true owner of the "OFFICIAL ISSUE" mark and the marketing of clothing so marked.

10. The aforesaid acts by Defendant constitute trademark infringement.

11. Plaintiff has no adequate remedy at law.

12. Defendant's foregoing activities have damaged Plaintiff in an amount to be determined at trial.

## COUNT II

## COMMON LAW UNFAIR COMPETITION

13. Plaintiff repeats and realleges the allegations of paragraphs 1-12 hereof, as if set forth fully herein.

14. This cause of action arises under the common law of the State of New York.

15. On information and belief, Defendant has engaged in a course of unfair competition, by causing to be manufacturing, importing, selling, offering for sale, promoting and/or marketing infringing clothing incorporating a designation that is essentially indistinguishable in appearance from Plaintiff's "OFFICIAL ISSUE" Mark.

16. The acts alleged herein are a specifically oriented predatory business practice undertaken by Defendant, the dominant purpose and effect of which is to pass off and palm off Defendant's so marked clothing as that of Plaintiff and to confuse buyers as to the source or origin of such goods, in violation of the common law of the State of New York.

17. Defendant, by reason of the foregoing acts, has traded upon and

appropriated the reputation and valuable goodwill of Plaintiff and has acted to create a likelihood of confusion and mistake on the part of the purchasing public as to the source of Defendant's so marked clothing.

18. Upon information and belief, Defendant's acts have been done willfully and intentionally, with full knowledge of Plaintiff's rights.

19. Defendant's acts are likely to lead the public to mistakenly believe that the so marked clothing is in some way sponsored by, or associated with, Plaintiff.

20. Defendant's activities as described herein constitute unfair competition under the common law of the State of New York.

21. Plaintiff has no adequate remedy at law.

22. Defendant's foregoing activities have damaged Plaintiff in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. That Defendant, its directors, officers, agents, servants, employees, successors, assigns, subsidiaries, related companies, parent companies, licensees, attorneys and those persons, firms or corporations, acting in concert and participation with it, be preliminarily and permanently enjoined from manufacturing, assembling, advertising, promoting, offering for sale, selling, purchasing, distributing, or in any other way becoming involved with items bearing the OFFICIAL ISSUE mark of Plaintiff, or any other colorable imitation of Plaintiff's said mark;

2. That there be a finding that Defendant has willfully (1) infringed Plaintiff's mark in violation of the Lanham Act, §§ 1114 and 1125(a)(1)(A), (2) committed acts of unfair competition in violation of New York State common law;

3. That Defendant be ordered to provide an accounting to Plaintiff of any profit gained from the sale of their clothing bearing Plaintiff's OFFICIAL ISSUE mark or any other colorable imitation of said mark;

4. That Defendant be ordered to pay damages to Plaintiff, including damages for infringement, and unfair competition and all other damages arising out of Defendant's acts, in an amount to be determined at trial, but if Defendant's activities are continued without abatement, in an amount of at least five hundred thousand dollars ($500,000);

5. That Plaintiff be awarded attorney's fees and costs under 15 U.S.C. §1117(a); and

6. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial.

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 684-3900
ggottlieb@grr.com
mmisthal@grr.com
blewin@grr.com

Dated: February 3, 2011
New York, New York

By: _____
George Gottlieb (GG-5761)
Marc P. Misthal (MM-6636)
Barry R. Lewin (BL-0463)

**EXHIBIT A**

Int. Cl.: **25**

Prior U.S. Cls.: **22 and 39**

**United States Patent and Trademark Office**

Reg. No. **3,472,899**
Registered July 22, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# OFFICIAL ISSUE

S & J SPORTS ASSOCIATES LLC (NEW YORK LTD LIAB CO)
8 WEST 40TH STREET
NEW YORK, NY 10018

FOR: BELTS, CAPS, SHIRTS, PANTS, JERSEYS, SHORTS, TANK TOPS, PERSPIRATION ABSORBENT UNDERWEAR CLOTHING, JACKETS, PULLOVERS, AND ATHLETICWEAR, NAMELY, ATHLETIC UNIFORMS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-3-2007; IN COMMERCE 1-3-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-045,110, FILED 11-15-2006.

ANNE MADDEN, EXAMINING ATTORNEY